UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**DASHONE M. REYNOLDS**          **DOCKET NO. 6:23-cv-00246**
                                                     **SECTION P**

**VERSUS**          **JUDGE ROBERT R. SUMMERHAYS**

**RAYBURN CORRECTIONAL**          **MAGISTRATE JUDGE WHITEHURST**
**CENTER, ET AL**

**MEMORANDUM ORDER**

Before the Court is a civil rights complaint (doc. 1), filed pursuant to 42 U.S.C. § 1983, by plaintiff Dashone M. Reynolds, who is proceeding pro se and *in forma pauperis* in this matter. Plaintiff is in the custody of the Louisiana Department of Corrections, currently incarcerated at the BB Rayburn Correctional Center in Angie, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

I. **Background**

In his complaint, plaintiff makes allegations of mail tampering, including not receiving pictures from family and "letting pictures of myself and family come to other inmates." Doc. 1, p. 2. He also complains that on January 29, 2023, he was told to leave the dining hall due to his "religious kuffi." *Id.*

He names the following as defendants: Rayburn Correctional Center, Warden Travis Day and Assistant Warden Karla Wheat.

II. **Defendants**

    a. **Rayburn Correctional Center**

Plaintiff names the Rayburn Correctional Center as a defendant. Federal Rule of Civil Procedure 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the above entities have the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Ann. art. 24.

In Louisiana, correctional centers are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F.Supp. 863, 864 (M.D. La. 1988). Thus, the Rayburn Correctional Center is not a juridical person capable of being sued under 42 U.S.C. § 1983.

    b. **Supervisory Officials**

Plaintiff names as defendants Warden Travis Day and Assistant Warden Karla Wheat. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.,* 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.,* 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied,* 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied,* 464 U.S. 897 (1983).

**III.**    **Amend Order**

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege some facts which support the conclusion that his constitutional rights were violated by the defendant. In other words, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).  At the very least, plaintiff should provide–

(1)  the name of <u>each person</u> who allegedly violated plaintiff's constitutional rights;

(2)  a description of what actually occurred or <u>what each defendant did to violate plaintiff's rights</u>;

(3)  <u>the place and date that each event occurred</u>; and

(4)  a description of the <u>alleged injury</u> sustained as a result of the alleged violation.

Plaintiff has named two individual defendants - Warden Travis Day and Assistant Warden Karla Wheat.  Plaintiff should amend to allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by these defendants.

While making a general allegation of mail tampering, he has failed to describe what each defendant did to violate his rights.  He should amend to comply with the requirements set forth in Federal Rule of Civil Procedure 8.

He should also amend to provide more details regarding the January 29, 2023, incident in the dining hall.  He complains that he was told to leave because of his religious kuffi.  However, he should amend to provide more details, in compliance with FRCP 8.

Before this court determines the proper disposition of plaintiff's claims, plaintiff should be given the opportunity to remedy the deficiencies of his complaint.  *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).   Accordingly:

**IT IS ORDERED** that plaintiff amend his complaint within forty (40) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those claims, requests for relief, or defendants plaintiff is unable to cure through amendment.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under L.R. 41.3.**

THUS DONE AND SIGNED in Chambers this 14th day of July, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE