UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**DASHONE M. REYNOLDS**      **DOCKET NO. 6:23-cv-00246**
                                                    **SECTION P**

**VERSUS**      **JUDGE ROBERT R. SUMMERHAYS**

**RAYBURN CORRECTIONAL**      **MAGISTRATE JUDGE WHITEHURST**
**CENTER, ET AL**

## REPORT AND RECOMMENDATION

Before the court is a complaint filed by petitioner Dashone M. Reynolds (Reynolds), who is proceeding pro se and in forma pauperis in this matter. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

### I. Background

Plaintiff's complaint makes allegations of mail tampering, including not receiving pictures from family and "letting pictures of myself and family come to other inmates." Doc. 1, p. 2. He also complains that on January 29, 2023, he was told to leave the dining hall due to his "religious kuffi." *Id*. He names the following as defendants: Rayburn Correctional Center, Warden Travis Day and Assistant Warden Karla Wheat.

On July 14, 2023, the undersigned ordered Reynolds to amend his complaint to provide additional information regarding his claims. Doc. 8. Reynolds has not filed an amendment in accordance with the Order.

## II. Law & Application

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Reynolds has failed to comply with an Order directing him to amend his complaint. This failure on his part warrants dismissal.

## III. Conclusion

Accordingly,

**IT IS RECOMMENDED** that Reynolds' complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District

-3-

Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

        THUS DONE AND SIGNED in Chambers this 14th day of September, 2023.

_____
**CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE**